## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERACLIO BERNAL,<br>      Plaintiff,<br>v.<br><br>T.K. STANLEY, INC., a Mississippi Corporation,<br>      Defendant,<br><br>T.K. STANLEY, INC.,<br>      Plaintiff,<br>v.<br><br>CHAPARRAL ENERGY, L.L.C,<br>      Defendant & Third-Party Plaintiff,<br>v.<br><br>PRECISION DRILLING COMPANY, L.P. and FEDERAL INSURANCE COMPANY,<br>      Third-Party Defendants. | Case No. CIV-12-392-R |

## **FINAL JUDGMENT**

This matter comes before the Court on the parties' Motion for Entry of Final Judgment (Doc. 115) and to adjudicate all remaining issues in this action.

On October 16, 2013, Defendant/Plaintiff T.K. Stanley, Inc. ("TKS") filed a motion for summary judgment on its claims seeking defense and indemnity from Defendant/Third-Party Plaintiff Chaparral Energy, L.L.C ("Chaparral") regarding Plaintiff Eraclio Bernal's ("Bernal") claims against TKS. On November 5, 2013, Chaparral filed its cross-motion for summary judgment against TKS. On January 22, 2014, the Court entered an Order denying TKS' motion for summary judgment and

1

granting Chaparral's cross-motion for summary judgment. (Doc. 76).

On February 5, 2014, Chaparral filed its Bill of Costs and Brief in Support (Docs. 80 & 81). TKS filed its Objection to Chaparral's Bill of Costs on February 19, 2014 (Doc. 84). Subsequently, these Parties announced an agreement that judgment for $2,000.00 should be entered in favor of Chaparral for said costs.

On June 6, 2014, Chaparral and Third-Party Defendant Federal Insurance Company ("Federal") filed cross-motions for summary judgment regarding whether Federal had a duty under the subject insurance policy to defend Chaparral against the claims asserted it by TKS. On October 16, 2014, the Court entered an Order granting Chaparral's motion and denying Federal's motion (Doc. 111). Subsequently, these Parties announced an agreement that judgment for $165,091.12 should be entered in favor of Chaparral and against Federal, representing the total amount of reasonable and necessary attorneys' fees and costs incurred by Chaparral in this matter for the defense of TKS' claims and for prosecution of Chaparral's claims against Federal for insurance coverage.

Further, as a result of the Court's rulings on the various motions for summary judgment, the parties agree, and the Court finds, that Chaparral's counterclaim against TKS and Chaparral's claim against Federal regarding the duty to indemnify under the subject insurance policy are currently moot and are not at issue.

Further, the parties acknowledge, and the Court finds, that TKS and Federal agree only to the form, but not the substance, of this Final Judgment, and do not waive and are reserving their rights to appeal this Final Judgment and the Orders referenced herein. The

deadline to file any such appeals will be determined in accordance with the Federal Rules of Appellate Procedure.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that in accordance with the summary judgment Order entered on January 22, 2014 (Doc. 76), TKS shall take nothing on its claims against Chaparral, and Chaparral shall recover from TKS costs in the amount of $2,000.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that in accordance with the summary judgment Order entered on October 16, 2014 (Doc. 111), Chaparral shall recover from Federal the amount of $165,091.12.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that based on the summary judgment rulings, Chaparral's counterclaim against TKS and Chaparral's claim against Federal on the duty to indemnify are currently MOOT. Chaparral may seek leave to reopen this case if the Court's ruling in favor of Chaparral on its cross-motion for summary judgment against TKS is reversed on appeal.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this judgment disposes of all remaining claims and parties[1] and is final and appealable, and that any other relief not expressly granted herein is DENIED.

/ / / /

---

[1] The claims asserted by Chaparral against Third-Party Defendant Precision Drilling Company, L.P. were previously dismissed with prejudice through a stipulation of dismissal filed on February 7, 2014 (Doc. 83). The claims asserted by Bernal against TKS were previously dismissed with prejudice through a stipulation of dismissal filed on August 14, 2014 (Doc. 106).

ENTERED this 10th day of December, 2014.

DAVID L. RUSSELL  
UNITED STATES DISTRICT JUDGE